Griffin Burke
1024 Bayside Drive #448
Newport Beach, CA 92660
Telephone number: (949) 873-4774
Email: gburke8972@gmail.com

Pro Per

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GRIFFIN BURKE<br><br>        Plaintiff,<br><br> vs.<br><br>TREVOR BASIL; NEWPORT-MESA UNIFIED SCHOOL DISTRICT; SEAN BOULTON; JENNIFER HAYS; LAURA BOSS; NEWPORT BEACH AQUATICS, INC.; THOMAS ROBINSON; DEAN CROW; JAMES FOWLER; JOHN DOBROTT; PARK EDDY; SARA HENRY; CASSIDY BUCKLIN; AND DOES 1-10,<br><br>        Defendants. | CASE NO. 8:20-cv-00635-JVS-JDE<br><br>PLAINTIFF'S NOTICE OF MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSION.<br><br>Magistrate: Hon. John D. Early<br><br>Motion Date: December 3, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6A<br><br>Discovery Cutoff: June 1, 2021<br>Pretrial Conference: July 12, 2021<br>Trial Date: August 10, 2021 |

TO DEFENDANT NEWPORT BEACH AQUATICS, INC., ALL OTHER

PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

1

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

PLEASE TAKE NOTICE that on December 3, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard in Department 6A of the above entitled Court, located at 411 West 4th Street, #1053, Santa Ana, CA 92701, Plaintiff Griffin Burke will move the Court for an Order compelling further responses to the Requests for Admissions, Set One, Numbers 3-4, 8-11, 13, 15, and 19-20. The Parties have attempted unsuccessfully to resolve their disputes and therefore respectfully seek the assistance of the Court.

The parties thoroughly discussed all issues presented by this motion by correspondence and a telephone conference call and have fully met and conferred in compliance with Local Rule 37-1. The parties were unable to resolve their differences, which necessitated the filing of this motion.

The Joint Stipulation pursuant to Local Rule 37-2 is attached, along with the supporting declaration of Griffin Burke.

DATED: October 31, 2020

By: _____

Griffin Burke

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

Griffin Burke
1024 Bayside Drive #448
Newport Beach, CA 92660
Telephone number: (949) 873-4774
Email: gburke8972@gmail.com

Pro Per

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| GRIFFIN BURKE<br><br>    Plaintiff,<br><br> vs.<br><br>TREVOR BASIL; NEWPORT-MESA UNIFIED SCHOOL DISTRICT; SEAN BOULTON; JENNIFER HAYS; LAURA BOSS; NEWPORT BEACH AQUATICS, INC.; THOMAS ROBINSON; DEAN CROW; JAMES FOWLER; JOHN DOBROTT; PARK EDDY; SARA HENRY; CASSIDY BUCKLIN; AND DOES 1-10,<br><br>    Defendants. | CASE NO. 8:20-cv-00635-JVS-JDE<br><br>JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSION.<br><br>Magistrate: Hon. John D. Early<br><br>Motion Date: December 3, 2020<br>Time: 10:00 a.m.<br>Courtroom: 6A<br><br>Discovery Cutoff: June 1, 2021<br>Pretrial Conference: July 12, 2021<br>Trial Date: August 10, 2021 |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2 of the Local Rules of this Court, Plaintiff Griffin Burke and Defendant Newport Beach Aquatics, Inc. respectfully submit the following Joint Stipulation

Regarding Plaintiff's Motion to Compel Further Responses to the Requests for Admission, Numbers 3-4, 8-11, 13, 15, and 19-20. The Parties have attempted unsuccessfully to resolve their disputes and therefore respectfully seek the assistance of the Court.

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2
8:20-cv-00635-JVS (JDEx)

# TABLE OF CONTENTS

1.  PLAINTIFF'S INTRODUCTORY STATEMENT ................................................. 1

2.  DEFENDANT'S INTRODUCTORY STATEMENT ............................................ 3

3.  LEGAL STANDARD ..................................................................................... 4

4.  THE PARTIES HAVE FULLY MET AND CONFERRED .................................. 5

5.  THE DISPUTED DISCOVERY RESPONSES ................................................. 6

6.  PLAINTIFF'S POSITION COMPELLING A FURTHER RESPONSE ............... 10

    A.  THE REQUESTS ARE RELEVANT TO THE ISSUE IN THE COMPLAINT
        (REQUESTS 4, 15, & 19). .................................................................... 10

    B.  A PARTY MAY NOT AVOID A RESPONSE BY CLAIMING THE REQUEST IS
        "VAGUE AND AMBIGUOUS" (REQUESTS 4, 15 & 19) ............................. 11

    C.  THE REFUSAL TO RESPOND BASED ON BOILERPLATE OBJECTIONS IS
        SANCTIONABLE (REQUESTS 15 & 19) ................................................ 13

    D.  A DENIAL OF ALL OR PART OF A REQUEST MUST BE SPECIFIC (REQUESTS 8-
        11 & 13)............................................................................................ 14

7.  DEFENDANT'S POSITION............................................................................ 15

    A.  Defendant's Position to Requests 4, 15 19............................................ 15

    B.  Defendant's Position to Requests 8-11 and 13 ..................................... 17

    C.  Defendant's Response to Requests 3 and 20 ........................................ 18

iii

## 1.    PLAINTIFF'S INTRODUCTORY STATEMENT

Plaintiff filed his lawsuit in state court on March 5, 2018. Since then the Defendants have done everything to delay this case and prevent Burke from receiving even the most basic discovery responses. Burke had 9-discovery motions pending in state court when this case was removed. Defendant Newport Beach Aquatics, Inc. ("NBAI") is continuing in its misuse the discovery process and has refused to comply with its discovery obligations under the Federal Rules of Civil Procedure ("FRCP").

As provided in the Third Amended Complaint ("TAC"), Plaintiff swam for both the high school and school-connected organization, Newport Beach Aquatics, Inc. (NBAI). ECF 43. Plaintiff alleges the high school gave NBAI complete authority to hire and supervise the coaches. Trevor Basil ("Basil") was hired as the swim coach by NBAI for both the high school and club program. Plaintiff was 14-years-old at the time when Basil touched him inappropriately and in a sexual manner after swim practice.  Plaintiff immediately suffered extreme emotional distress and anxiety. Basil then started sending messages about masturbation, erections, and other sexually explicit subjects and pictures in a group chat to the minor-aged boys. Plaintiff felt the same anxiety every time he saw these messages. Plaintiff's parents sent an email on November 14th, 2014, requesting a hearing pursuant to the club's disciplinary procedures. NBAI responded hours later by terminating Plaintiff's membership in the club for "peer-to-peer sexual abuse" without a hearing, notice or investigation. NBAI says the immediate termination for sexual abuse was based on an unverified complaint relayed to them by Basil claiming he received a text message from a female swimmer that Plaintiff allegedly sat on her lap and refused to get off. The actual text message has never been produced. Plaintiff alleges NBAI falsely accused him of sexual abuse to

silence his parents' complaints about Basil, and to avoid a hearing that would reveal Basil's inappropriate behaviors. Plaintiff was severely, offensively and pervasively harassed and bullied as a result of the false accusation. He was called a pedophile and a rapist on a daily basis. Newport-Mesa Unified School District ("NMUSD") did nothing to protect Plaintiff. Plaintiff was forced to quit swimming and dropped out of the International Baccalaureate program. Plaintiff continues to suffer as a result of the trauma, and still sees a psychologist and takes medication daily to cope with his anxiety.

Plaintiff served a set of Requests for Admissions and Request for Production of Documents on May 6, 2020. NBAI served its responses to the discovery on June 6, 2020. The defendants all objected to the discovery as premature since they were served before the scheduling conference. Plaintiff therefore waited until 30-day after the scheduling conference to meet and confer with the defendants on their discovery responses. Plaintiff also sent a sample protective order to resolve any claimed issues concerning the right to privacy. The Parties thoroughly discussed all issues presented by this motion by correspondence and a telephone conference call and have fully met and conferred in compliance with Local Rule 37-1.

Plaintiff now moves to compel NBAI to provide further responses to Requests for Admissions, Numbers 3-4, 8-11, 13, 15, and 19-20. For requests numbers 3-4, 15 and 19, NBAI merely stands on conclusory, boilerplate objections, that the information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. NBAI responds to requests 8-11, and 13, but provides intentionally vague facts to support its improper qualified denials.  For requests numbers 3 and 20, NBAI refuses to respond based on its claim the information is protected by the employee's right to privacy. Trevor Basil is a party to this action. The defendants all claim that Trevor Basil's attorney has instructed

them not to respond to any discovery concerning Trevor Basil's employment.
Plaintiff sent a sample protective order to the defendants to resolve this issue, but
no one responded.

### 2.    DEFENDANT'S INTRODUCTORY STATEMENT

This matter concerns plaintiff's claims that he suffered emotional distress
when he was dismissed from a swim club operated by defendant Newport Beach
Aquatics, Inc. ("NBAI").  NBAI responded to plaintiff's request for admissions set
one, but plaintiff continues his pattern of refusing to accept proper discovery
responses served from any of the defendants.  Plaintiff again resorts to a discovery
motion in an attempt to cajole a discovery response to his liking rather than accept
an unpleasant fact.

Contrary to plaintiff's contention, Defendant NBAI provided responses to
plaintiff's discovery that contained more than objections.  Plaintiff's delay in
bringing this motion to compel further response to requests for admission remains
unknown.  Again, NBAI provided complete responses and provided only
objections to those requests where it was warranted.

After serving responses June 5, 2020, plaintiff waited until September 25,
2020, to begin the meet and confer process.  The parties engaged in an exchange of
letters, but did not engage in a telephonic meet and confer regarding the requests
for admission individually.  Because defendant stated it would stand on its
responses and objections in response to the requests for admission, plaintiff did not
believe there was a need to engage in a proper telephonic meet and confer
regarding these requests for admission.

Since the time of NBAI's original responses, the Court granted the NBAI
defendants' motion to dismiss with regard to plaintiff's cause of action for
defamation by its order of August 5, 2020.  Plaintiff's remaining causes of action

1   are for intentional infliction of emotional distress and negligent infliction of

2   emotional distress which are based on the letter terminating his membership in

3   NBAI he received on November 14, 2014.   Plaintiff has not adjusted his discovery

4   requests in accordance with the procedural change in his action.  Plaintiff continues

5   to seek information regarding former NBAI swim coach Trevor Basil which are

6   not related to plaintiff's termination from the swim club.

7        The requests for admission at issue in this motion seek either information

8   that is no longer relevant to plaintiff's claims against NBAI (Requests 3, 4, 15, 19,

9   and 20) or seek requests which NBAI properly answered (Requests 8-11 and 13).

10  NBAI, therefore, requests that this motion be denied.

11

12      **3.     LEGAL STANDARD**

13       Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain

14  discovery "regarding any nonprivileged matter that is relevant to any party's claim

15  or defense and proportional to the needs of the case, considering the importance of

16  the issues at stake in the action, the amount in controversy, the parties' relative

17  access to relevant information, the parties' resources, the importance of the

18  discovery in resolving the issues, and whether the burden or expense of the

19  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

20       Motions to compel are governed by Federal Rule of Civil Procedure 37,

21  which states, in pertinent part:

22
23       **(a) Motion for an Order Compelling Disclosure or Discovery**.
         **(1) *In General***. On notice to other parties and all affected persons, a
24       party may move for an order compelling disclosure or discovery.
         The motion must include a certification that the movant has in good
25       faith conferred or attempted to confer with the person or party
         failing to make disclosure or discovery in an effort to obtain it
26       without court action.

27  Fed. R. Civ. P. 37.

28

Rule 36 of the Federal Rules of Civil Procedure provides that a party may serve upon any other party a written request to admit the truth of any matters within the scope of Rule 26 for purposes of the pending action relating to facts, the application of law to fact, or opinions about either, and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). If the party to whom the request is directed does not serve a written answer or objection within thirty days after being served, the matter is admitted. Fed. R. Civ. P. 36(a)(3). A requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). If the court finds that an answer does not comply with Rule 36, the court may order that an amended answer be served. Fed. R. Civ. P. 36(a)(6).

### 4.    THE PARTIES HAVE FULLY MET AND CONFERRED

Plaintiff sent NBAI a detailed meet and confer letter on September 25, 2020. In the letter, Plaintiff identified the deficiencies in NBAI's responses, proposed resolutions to terms used, and provided legal authority in support of his position and request for further responses in compliance with the FRCP. NBAI responded on October 2, 2020, outlining the reasons it refused to provide supplemental responses. Burke also sent an email attaching a proposed protective order to resolve any claimed issues. None of the defendants responded. Burke scheduled a telephone conference with NBAI, which took place on October 14, 2020. The Parties discusses all of the issues in detail. Id. Burke then sent a letter memorializing the telephone conference, and confirming that NBAI was standing on its responses to the requests for admissions.

1

**5.    THE DISPUTED DISCOVERY RESPONSES**

2

**REQUEST FOR ADMISSION NUMBER 3:**

3

Admit prior to November 14, 2014 two of your coaches were forced to

4

resign because of their inappropriate fraternization with the minor-aged swimmers.

5

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 3:**

6

"Objection: The request is vague and ambiguous. The request calls for a

7

legal conclusion. The request is overly broad, burdensome, and harassing. The

8

request calls for information that is neither relevant nor reasonably calculated to

9

lead to the discovery of admissible evidence. The request seeks information that is

10

protected by an employee's right to privacy."

11

**REQUEST FOR ADMISSION NUMBER 4:**

12

Admit prior to November 14, 2014 you had no written policies and

13

procedures concerning fraternization with the minor-aged swimmers.[1]

14

15

16

[1] "The term 'fraternization' or 'fraternizing' refers to the interaction and relationship between school staff members and students including: (a) Engaging in any romantic or sexual relationships with students, including dating, flirting, sexual contact, inappropriate physical displays of affection, or sexually suggestive comments between staff and students, regardless of whether staff or student initiates the behavior, whether the relationship is consensual, or whether the student has parental permission; (b) Fostering, encouraging, or participating in inappropriate emotionally or socially intimate relationships with students in which the relationship is outside the bounds of the reasonable, professional staff-student relationship and in which the relationship could reasonably cause a student to view the staff person as more than a teacher, administrator, or advisor; (c) Initiating or continuing communications with students for reasons unrelated to any appropriate purpose, including oral or written communication; telephone calls; electronic communication such as texting, instant messaging, email, chat rooms, Facebook, or other social networking sites; webcams; or photographs. Electronic and online communications with students, including those through personal accounts, should be accessible to supervisors and professional in content and tone; (d) Socializing with students outside of class time for reasons unrelated to any appropriate purpose; and, (e) Providing alcohol (regardless of age) or drugs – either prescription or illegal (except for those provided in accordance with district policy on medication administration) – to students."

17

18

19

20

21

22

23

24

25

26

27

28

6

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 4:**

Objection: The request is vague and ambiguous. The request is overly broad. The request calls for a legal conclusion. The request calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving its objections, responding party states:

Responding party can neither admit nor deny the request as phrased because the request is too vague and ambiguous to form a response.

**REQUEST FOR ADMISSION NUMBER 8:**

Admit you never investigated Cassidy Bucklin's complaint (the text message forwarded by Trevor Basil from Cassidy Bucklin on 11/1/14) that reads, in relevant part: "[Plaintiff] is laying on me and other people had to get him off of me … And he can't keep his hands to himself". A copy of the document provided by Newport Beach Aquatics, Inc. (CTORDERED- R2RFP02-NBA-0008) is attached as Exhibit 2 for reference.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 8:**

"Objection: The request is vague and ambiguous. The request is overly broad. Without waiving its objections, responding party states:

Deny. Responding party investigated the complaint made by Cassidy Bucklin. The investigation was conducted by the swim coaches for responding party."

**REQUEST FOR ADMISSION NUMBER 9:**

Admit you never interviewed Cassidy Bucklin concerning her complaint (the text message forwarded by Trevor Basil from Cassidy Bucklin on 11/1/14) that reads, in relevant part: "[Plaintiff] is laying on me and other people had to get him off of me … And he can't keep his hands to himself". A copy of the document provided by Newport Beach Aquatics, Inc. (CTORDERED-R2RFP02-NBA-0008)

1  is attached as Exhibit 2 for reference.

2  **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 9:**

3  "Objection: The request is vague and ambiguous. Without waiving its

4  objection, responding party states:

5  Deny. Responding party had its agents interview Ms. Bucklin regarding the

6  complaint she presented."

7  **REQUEST FOR ADMISSION NUMBER 10:**

8  Admit Cassidy Bucklin never told you that she felt sexually harassed by

9  Plaintiff. A copy of the document provided by Newport Beach Aquatics, Inc.

10  (CTORDERED-R2RFP02-NBA-0008) is attached as Exhibit 2 for reference.

11  **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 10:**

12  "Objection: The request is vague and ambiguous. The request calls for a

13  legal conclusion. The request calls for a determination of ultimate fact. Without

14  waiving its objection, responding party states:

15  Deny. Ms. Bucklin presented a complaint that she felt uncomfortable with

16  Griffin Burke's unwanted physical contact. The unwanted physical contact could

17  be interpreted as sexual harassment."

18  **REQUEST FOR ADMISSION NUMBER 11:**

19  Admit you never interviewed any of the swimmers before terminating

20  Plaintiff's membership for violation of Article 304.3.8.A-D of the USA Swimming

21  Code of Conduct. A copy of the termination letter (Bate Stamp. No. 000165) is

22  attached as Exhibit 3 for reference.

23  **DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 11:**

24  "Objection: The request is vague and ambiguous. The request is overly

25  broad. The request calls for information protected by a third-party's right to

26  privacy. Without waiving its objection, responding party states:

27

28

8

Deny. Responding party had its agents interview persons who made complaints regarding plaintiff's conduct."

**REQUEST FOR ADMISSION NUMBER 13:**

Admit you violated your own written disciplinary code in terminating Plaintiff's membership without notice or a hearing.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 13:**

Objection: The request is vague and ambiguous. The request calls for a legal conclusion. Without waiving its objections, responding party states:

Deny. Responding party decided to terminate plaintiff's membership due to the seriousness of the allegations, and the threat to the safety and security of other team members.

**REQUEST FOR ADMISSION NUMBER 15:**

Admit you falsely accused Plaintiff of "peer-to-peer sexual abuse."

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 15:**

"Objection: The request is vague and ambiguous. The request is overly broad. The request calls for a legal conclusion. The request calls for a determination of ultimate fact. Without waiving its objection, responding party states:

Responding party can neither admit nor deny this request. Responding party did not make allegations against plaintiff, but merely investigated allegations it received. Responding party believes the complaints against plaintiff have been sufficiently substantiated."

**REQUEST FOR ADMISSION NUMBER 19:**

Admit the group chat messages and images Trevor Basil was sending to the minor-aged swimmers was sexually inappropriate behavior.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 19:**

"Objection: The request is vague and ambiguous. The request is overly broad. The request calls for a legal conclusion. The request calls for speculation. The request calls for a determination of ultimate fact. Without waiving its objection, responding party states:

Responding party can neither admit nor deny this request as phrased."

**REQUEST FOR ADMISSION NUMBER 20:**

Admit Trevor Basil was forced to resign as the swim coach because of the group chat messages and images he was sending to the minor-aged swimmers.

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION NUMBER 20:**

Objection: The request is vague and ambiguous. The request is overly broad. The request calls for a legal conclusion. The request calls for information protected by an employee's right to privacy.

6. **PLAINTIFF'S POSITION COMPELLING A FURTHER RESPONSE**

   A. **THE REQUESTS ARE RELEVANT TO THE ISSUE IN THE COMPLAINT (REQUESTS 4, 15, & 19).**

Unless otherwise limited by court order, each party is entitled to discovery of nonprivileged information that is "relevant to any party's claim of defense" so long as it is "proportional to the needs of the case" in light of the factors set forth in Rule 26(b)(1). NBAI generally objects to Requests Numbers 4, 15, and 19 based on relevancy without identifying any of the listed factors for proportionality. *See Mancia v. Mayflower Textile Services Co.* (D MD 2008) 253 FRD 354, 357 – boilerplate objections waived any legitimate objections responding party may have had; *Deere v. American Water Works Co. Inc.* (SD IN 2015) 306 FRD 208, 215 – "general objections are entitled to little weight."

Requests Numbers 4, 15, and 19 are narrowly tailored and specific to the allegations in the TAC and the claimed defenses in this case, i.e. the club's false

1  accusation of sexual abuse as the basis for immediately terminating Plaintiff's

2  membership in violation of club regulations requiring notice and due process, and

3  in response to his own claim that he had been harassed by the swim coach. The

4  requests are also limited to the time period of the incident alleged in the TAC.

5  *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004)

6  ("discovery of information both before and after the liability period ... may be

7  relevant and/or reasonably calculated to lead to the discovery of admissible

8  evidence and courts commonly extend the scope of discovery to a reasonable

9  number of years both prior to and following such period").

10
11
12

**B.    A PARTY MAY NOT AVOID A RESPONSE BY CLAIMING THE REQUEST IS "VAGUE AND AMBIGUOUS" (REQUESTS 4, 15 & 19)**

13      A party may not refuse to respond to a request for admission based on

14  technicalities. FRCP 36(a)(4). NBAI's objection that it can't respond because the

15  request is "vague and ambiguous" is baseless since NBAI is required to exercise

16  reason and common sense to attribute ordinary definitions to terms and phrases

17  utilized but fails to do so. *Johnson v. Cate*, No. 1:10–cv–02348–LJO–MJS (PC),

18  2014 WL 1419816, at *2 (E.D. Cal. April 14, 2014) ("the responding party shall

19  use common sense and reason in its responses"); *Stork v. Textor*, No.

20  CV107631JHNPLAX, 2011 WL 13217542, at *3 (C.D. Cal. June 27, 2011)

21  (overruling vague or ambiguous objections where the requests "can readily be

22  responded to using the common and ordinary meanings of [the] terms");

23  *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996).

24  Furthermore, a party who is unable to agree with the exact working of the request

25  should *agree to an alternate wording* or definition. *See Marchand v. Mercy Med.

26  Ctr.* (9th Cir. 1994) 22 F3d 933, 938; *S.A. Healy Co./Lodigiani USA, Ltd. v. United

27  States* (Fed.Cl. 1997) 37 Fed.Ct. 204, 206.

28

Request for Admission Number 4 seeks an admission that NBAI did not have any policies and procedures concerning fraternization with the minor-aged swimmers. A detailed definition of "fraternization" is provided in the requests. NBAI refuses to respond to the request on the basis that it is too vague and ambiguous to form a response. In the meet and confer, Plaintiff suggested changing the definition to include "coaches" rather than school officials. NBAI claimed it still could not respond to the request. As provided in the TAC, NBAI had actual notice that 2 of its coaches had already been forced to resign for inappropriate behaviors with minor-aged students and still failed to implement a policy that may have prevented Trevor Basil's sexual misconduct. NBAI does provide any indication how the request is so impermissibly vague and ambiguous that it couldn't respond.

Request for Admission Number 15 seeks an admission that NBAI falsely accused Plaintiff of "peer-to-peer sexual abuse." Plaintiff attaches a copy of the termination letter as Exhibit 3 to the requests for reference. Despite this, NBAI contends it can't admit or deny the request, and provides a statement that it "did not make allegations against plaintiff, but merely investigated allegations it received," and "believes the complaints against plaintiff have been sufficiently substantiated." NBAI made the allegation in the letter sent to Plaintiff terminating his membership in the swim club. Also, the statement in response to the request is equally vague and intentionally evasive. NBAI avoids stating what allegations were made against Plaintiff, how it investigated, or how the alleged claims "have been sufficiently substantiated." *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 997) (the party resisting discovery must clarify, explain, and support its objections). Qualifications are only proper if the responding party sets forth in detail the reason why he or she cannot truthfully

deny the matter. FRCP 36(a)(4).

Request for Admission Number 19 seeks an admission that the group chat images Trevor Basil was sending the minor-aged swimmers was sexually inappropriate behavior. Plaintiff alleges in the TAC that NBAI terminated his membership by falsely accusing him of sexual abuse to avoid a hearing into Plaintiff's own complaints about Trevor Basil for fear that damaging information about Basil might be revealed. Plaintiff provided NBAI copies of all of the messages and images in the initial disclosures, including the messages referring to masturbation and other sexual topics. Trevor Basil's own expert has submitted a report to all parties finding: "Certainly, the text messages that were sexual in nature were inappropriate…" Despite this information, NBAI somehow claims it can't admit or deny this request as phrased without providing any explanation why it can't respond.

### C.    THE REFUSAL TO RESPOND BASED ON BOILERPLATE OBJECTIONS IS SANCTIONABLE (REQUESTS 15 & 19)

NBAI objects to Requests Numbers 15 and 19 that they call for a legal conclusion and are "overly broad" when these requests simply seek an admission of fact for the acts that occurred during the incident. NBAI makes these boilerplate objections without explaining the specific and particular way in which the objection applies. *See Bank of Mongolia v. M & P Glob. Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009); *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 997) (the party resisting discovery must clarify, explain, and support its objections). NBAI's "vague and ambiguous" and "overbroad" objections are unavailing. Additionally, a party may be required to state its contentions relating to "fact or the application of law to fact." *Deere v. American Water Works Co., Inc.* (SD IN 2015) 306 FRD 208, 215. In summary, there is no legitimate reason for the refusal to respond to the requests.

### D.    A DENIAL OF ALL OR PART OF A REQUEST MUST BE SPECIFIC (REQUESTS 8-11 & 13)

NBAI denies <u>Request Numbers 8-11 and 13</u>, but then improperly qualifies the denials. A denial of all or any portion of the request must be specific. FRCP 36(a)(4). The denial must "fairly respond to the substance of the matter …" Thus, a party may not avoid responding based on technicalities. *Id*. Qualification of responses is permissible under the rule where a request contains assertions that are only partially correct, but hair-splitting, disingenuous distinctions are inappropriate. *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988) (citations omitted). The very purpose of the Rule 36(a) is to narrow the scope of issues to be litigated and to thereby expedite the litigation process. *See, e.g., Rabil v. Swafford*, 128 F.R.D. 1 (D.D.C. 1989); *Equal Employment Opportunity Comm'n v. Baby Products Co*., 89 F.R.D. 129, 130 (E.D. Mich. 1981). NBAI's responses are clearly vague and meant to avoid fairly responding to the substance of the request.

In response to <u>Request Number 8</u>, NBAI denies that it never investigated the complaint allegedly made by a female swimmer (Cassidy Bucklin) to Trevor Basil, but then qualifies the denial by writing: "The investigation was conducted by the *swim coaches* for responding party." (Emphasis added.) The qualification is vague and intentionally evasive. If NBAI is going to qualify the denial, then it must provide specific facts, for example, the names of the swim coach's who purportedly conducted the investigation, when the investigation was conducted, who was interviewed, and the conclusion of the investigation.  In response to <u>Request Number 9</u>, NBAI denies the request but then qualification it by stating "*its agents*" interviewed the female swimmer (Cassidy Bucklin) regarding the complaint she presented. Again, NBAI refuses to disclose who these agents (witnesses) are, or even the date the supposed interview(s) took place. NBAI uses the same vague wording in response to <u>Request Number 11</u>, that it never

14

1  interviewed any of the swimmers. NBAI's response to Request Number 10 is even
2  more evasive. In response to the request for admission that the female swimmer
3  (Cassidy Bucklin) never told NBAI that she felt sexually harassed by Plaintiff,
4  NBAI denies the request, but then qualifies it by stating "the unwanted physical
5  contact could be interpreted as sexual harassment." The response completely
6  avoids the substance of the request. Finally, Plaintiff alleges in the TAC that NBAI
7  terminated his membership in violation of club regulations requiring notice and
8  due process, and in response to his own claim that he had been harassed by the
9  team coach. Plaintiff's Request Number 13 seeks an admission that NBAI violated
10 its own disciplinary code in terminating Plaintiff's membership without notice or a
11 hearing. NBAI denies the request, but then qualifies the response by stating it
12 "decided to terminate plaintiff's membership due to the seriousness of the
13 allegations, and the threat to the safety and security of other team members." The
14 only allegation was conveyed by the same swim coach that Plaintiff was
15 complaining about, who said he received a text message from Cassidy Bucklin
16 writing that Plaintiff sat on her lap and refused to get off. NBAI refuses to provide
17 any detail as to the claimed "seriousness of the allegations." In their depositions
18 taken in state court, the Board members repeatedly stated Plaintiff's membership
19 was terminated for his "behaviors." NBAI continues to try to avoid the substance
20 of the allegations in the TAC that they falsely accused him of sexual abuse by
21 continuing to play games with discovery.
22

23     **7.     DEFENDANT'S POSITION**

24         **A.     Defendant's Position to Requests 4, 15 19**
25     Request for Admission 4
26     The request is vague and ambiguous as to the term "fraternization."  The
27 definition that plaintiff provided is vague and ambiguous because while that
28

definition provides actions that could be considered fraternization, it does not limit the scope of the actions that fall within its definition or what types of persons are involved in any alleged fraternizations.  Additionally, the source of the definition is not provided.

Lastly, plaintiff's remaining causes of action against defendant concern claims of emotional distress based on a termination letter sent to plaintiff on November 14, 2014.  That action has nothing to do with any alleged fraternization and this request is outside the scope of discovery for this matter.  FRCP 26(b).

Request for Admission 15

This request is vague and ambiguous as to the term "peer-to-peer sexual abuse" because that term is not defined in the request.  The request is also vague as to the term "falsely accused."  Plaintiff has provided no standard that would provide a basis to evaluate an accusation.  Plaintiff also calls for a determination of ultimate fact because plaintiff asserts that any accusation made against him be proven.  The determination of proof is the responsibility of the trier of fact, and any request that seeks a determination of ultimate fact is improper.

Lastly, plaintiff's remaining causes of action against defendant concern claims of emotional distress based on a termination letter sent to plaintiff on November 14, 2014.  Request 15 is related to the plaintiff's prior cause of action for defamation which was dismissed through a motion to dismiss that was heard after this response was provided.  This request is no longer relevant to this matter and is outside the scope of discovery. FRCP 26(b).

Request for Admission 19

The request is vague and ambiguous as to the term sexually inappropriate behavior which is undefined.  The request also calls for a determination of ultimate fact as to the term sexually inappropriate.  The determination of the

appropriateness of conduct is the responsibility of the trier of fact, and any request that seeks a determination of ultimate fact is improper.

Lastly, plaintiff's remaining causes of action against defendant concern claims of emotional distress based on a termination letter sent to plaintiff on November 14, 2014. That action has nothing to do with any alleged inappropriate conduct by Trevor Basil and this request is outside the scope of discovery for this matter. FRCP 26(b).

**B.    Defendant's Position to Requests 8-11 and 13**

Request for Admission 8

Defendant provided a response in compliance with FRCP 36 by denying the request and explaining its denial. The response is complete as provided and plaintiff can conduct additional discovery should he have additional inquiries regarding this request.

Request for Admission 9

Defendant provided a response in compliance with FRCP 36 by denying the request and explaining its denial. The response is complete as provided and plaintiff can conduct additional discovery should he have additional inquiries regarding this request.

Request for Admission 10

Defendant provided a response in compliance with FRCP 36 by denying the request and explaining its denial. The response is complete as provided and plaintiff can conduct additional discovery should he have additional inquiries regarding this request. Additionally, the request calls for a determination of ultimate fact with regard to the term "sexually harassed." The determination of whether sexual harassment occurred is the responsibility of the trier of fact, and any request that seeks a determination of ultimate fact is improper.

### Request for Admission 11

Defendant provided a response in compliance with FRCP 36 by denying the request and explaining its denial.  The response is complete as provided and plaintiff can conduct additional discovery should he have additional inquiries regarding this request.

### Request for Admission 13

Defendant provided a response in compliance with FRCP 36 by denying the request and explaining its denial.  The response is complete as provided and plaintiff can conduct additional discovery should he have additional inquiries regarding this request.  The request also calls for a legal conclusion regarding the propriety of defendant's actions, which is improper in a request for admission.

#### C.    Defendant's Response to Requests 3 and 20

These requests calls for information protected by an employee's right to privacy.  It is a well-established rule of law that employment and personnel information of third parties are protected by the privacy rights guaranteed to all citizens by the California and United States Constitutions.  In this action, the personnel information of defendant's coaches is sought through plaintiff's requests.  Accordingly, disclosure of the requested documents constitutes an "unwarranted invasion of personal privacy."  As was confirmed by the court in *Board of Trustees of Leland Stanford Jr. Univ. v. Superior Court (Dong)* (1981) 119 Cal.App.3d 516, 528, confidential personnel files are within a zone of privacy. The court affirmed that it is not only the employee's information that is protected by this privacy right, but information contained within the personnel files that was provided by other third parties who provided the information in confidence. Specifically, the *Board of Trustees* court held: "It is manifest that the subject documents and communications of Dr. Dong's personnel, tenure, and promotion

files, whether relating to his initial employment, or also to his 'promotion, additional compensation, or termination,' were communicated to the University in confidence, and were thus covered by the communicators' constitutional right of privacy. [Citation omitted.]" *Id*. at 528 (emphasis added).

The court in *Life Technologies Corp. v. Superior Court* (2011) 197 Cal.App.4th 640, 652, additionally held: "The public interest in preserving confidential, personnel information generally outweighs a private litigant's interest in obtaining that information." (Emphasis added.) As was established by the *Life Technologies* court, individuals retain a privacy interest in their confidential, personnel information, including performance evaluations contained therein. Further, absent a showing by the plaintiff that a compelling need for this information exists and the information sought cannot be obtained through less intrusive means, the privacy rights of defendants and defendants' current and former agents and employees cannot be violated. In *Harding Lawson Associates v. Superior Court* (1992) 10 Cal.App.4th 7, the Court of Appeal held that an order compelling production of personnel files of petitioners' employees was improper. In reaching this ruling, the *Harding* court held:

> A showing of relevancy may be enough to cause the court to balance the compelling public need for discovery against the fundamental right of privacy. [Citation omitted.] However, the balance will favor privacy for confidential information in third party personnel files unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources. [Citation omitted.] Even when the balance does weigh in favor of disclosure, the scope of disclosure must be narrowly circumscribed. [Citation omitted.]

*Id*. at 10. (Emphasis added.)

In this matter, Request 3 calls for personnel information concerning former swim coaches that have no relation to any claims plaintiff makes against defendant. Not only is their personnel information protected by any employee's right to

19

privacy that personnel information is not relevant and is outside the scope of discovery. FRCP 26(b). Request 20 seeks information regarding defendant Basil. Again, his personnel information is protected by an employee's right to privacy. Lastly, plaintiff's remaining causes of action against defendant concern claims of emotional distress based on a termination letter sent to plaintiff on November 14, 2014. That action has nothing to do with any alleged claims against Basil and this request is outside the scope of discovery for this matter. FRCP 26(b).

Respectfully submitted,

DATED: October 30, 2020

By: _____
    Griffin Burke

Dated: October 30, 2020        BEACH LAW GROUP, LLP

By: _____
    Thomas E. Beach
    Eligio J. Luevanos
    Attorneys for Defendants, Newport Beach
    Aquatics, Inc. and Dean Crow
    Specially Appearing for Defendants,
    Thomas Robinson, John Dobrott, and Park
    Eddy

DECLARATION

I am the Plaintiff in this case and have personal knowledge of the facts stated herein and if called to testify would testify to the following.

1.      Attached as **Exhibit 1** is a true and correct copy of this Court's Scheduling Order.

2.      I served the Defendant with a set of requests for admissions and production of documents on May 6, 2020. The Defendant served responses on June 6, 2020. All of the Defendants objected to the service of the discovery as premature since they were served before the scheduling conference. I waited until 30-days after the scheduling conference to meet and confer with the Defendant on its discovery responses in an abundance of caution. During this time I also served a sample protective order to resolve any claimed issues concerning the right to privacy. A true and correct copy of the email sent is attached as **Exhibit 2**. None of the Defendants responded.

3.      On September 25, 2020, I sent the Defendant a detailed meet and confer correspondence, which include citations to the law and statutes supporting the request for further responses. I also agreed to change the definition of "fraternization" to include "coaches" and "minor-ages club members" instead of "school staff" and "students." The definition was taken from a policy provided by a California school district. These non-fraternization policies are standard with most schools. A true and correct copy is attached as **Exhibit 3**.

4.      Defendant responded to the meet and confer with a letter sent on October 2, 2020. Defendant did not agree to provide any supplemental responses, or provide any proposal so that we could resolve the issue. A true and correct copy is attached as **Exhibit 4**.

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS 8:20-cv-00635-JVS (JDEx)

5.      I scheduled a telephone conference for October 13, 2020. I sent the Defendant a detailed outline in advance of the telephone call. A true and correct copy is attached as **Exhibit 5**. After the telephone conference, I sent another letter confirming the conversation. Defendant continued in its refusal to provide any supplemental responses to the requests for admission, or a proposal to resolve any claimed issue so they could respond. A true and correct copy is attached as **Exhibit 6**.

6.      There were 9 discovery motions pending in the state court action against the Defendants before the case was removed. There is no justification for the continued refusal to provide simple discovery responses.

I declare the foregoing is true and correct under penalty of perjury pursuant to the laws of the United States. Signed this 30th day of October, 2020, in Orange County, California.

By: _____
    Griffin Burke

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH
AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   SACV 20-00635JVS(JDEx)                    Date   September 9, 2020

Title      Griffin Burke v Trevor Basil, et al

Present: The Honorable      **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:      **[IN CHAMBERS] ORDER RE SCHEDULING DATES**

The Court has read and considered the parties Rule 26(f) Report and sets the following dates:

**Jury Trial**                                    **August 10, 2021 at 8:30 a.m.**
**Final PreTrial Conference**          **July 12, 2021 at 11:00 a.m.**
 File PreTrial Documents not later than June 28, 2021
 File motions in limine not later than June 14, 2021
**Discovery Cut-off**                         **June 1, 2021**
**Expert Discovery Cut-off**            **June 1, 2021**
 Initial disclosure of Experts not later than April 29, 2021
 Rebuttal disclosure of Experts not later than May 29, 2021
**Law and Motion Cut-off**            **June 7, 2021 at 1:30 p.m.**
 Motions to be filed and served not later than May 10, 2021
**Last Day to Amend Pleadings or Add Parties December 31, 2020**

Counsel inform the Court that their selection for a settlement procedure pursuant to Local Rule 16-15 is ADR #1 before the Magistrate Judge. The Court orders that any settlement discussions shall be completed not later than May 24, 2021. Counsel shall file a Joint Report of the parties regarding outcome of settlement discussions, the likelihood of possible further discussions and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

The usual discover limitations apply. The parties are free to seek relief from the Magistrate Judge. The matter will not proceed to trial without compliance with the ADR procedures. The Court does not agree with the parties' trial estimates.

**The Scheduling Conference set for September 14, 2020 at 10:30 a.m. is VACATED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-00635JVS(JDEx)                     Date    September 9, 2020

Title      Griffin Burke v Trevor Basil, et al

                                                          :         0

                                        Initials of Preparer        lmb

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH
AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

Gmail - Burke v. Basil, 8:20-cv-00625-JVS-JDE    10/22/20, 4:57 PM

 Gmail

Griffin Burke <gburke8972@gmail.com>

## Burke v. Basil, 8:20-cv-00625-JVS-JDE
2 messages

---

**Griffin Burke** <gburke8972@gmail.com>                                          Thu, Oct 8, 2020 at 5:19 PM
To: Leo Luevanos <leo@beachcowdrey.com>, "Mail_beachcowdrey. Com" <mail@beachcowdrey.com>, Agina Sedler
<ASedler@b3law.com>, Courtney Hylton <chylton@lynberg.com>, "David H. Ryan" <dhryan@b3law.com>, Mark Lowary
<melowary@b3law.com>, Sharon Bruner <sbruner@b3law.com>, Brian Gravdal <briangravdal@gmail.com>, Christy
MacMurtrie <cmacmurtrie@lynberg.com>, Jessica Helliwell <jessica@helliwelllawfirm.com>, Lucia Coyoca
<lec@msk.com>

Counsel,

In reviewing the procedures for the Honorable John D. Early, I came across the attached sample for a stipulated
protective order. In the state court action I had to file 9 discovery motions that were pending before the case was
removed. I want to try to avoid this in this matter. Newport Beach Aquatics, Inc. and Newport Mesa Unified School
District have represented that counsel for Trevor Basil refuses to allow his employment records to be produced,
claiming the right to privacy, despite the fact that I have a claim for Negligent Hiring and Supervision. I was wondering
if a stipulated protective order would resolve this issue so we can avoid a discovery motion?

Thank you,

Griffin Burke

---

 **Stipulated Protective Order.pdf**
118K

---

**Griffin Burke** <gburke8972@gmail.com>                                          Fri, Oct 9, 2020 at 12:52 PM
To: Leo Luevanos <leo@beachcowdrey.com>, "Mail_beachcowdrey. Com" <mail@beachcowdrey.com>, Agina Sedler
<ASedler@b3law.com>, Courtney Hylton <chylton@lynberg.com>, "David H. Ryan" <dhryan@b3law.com>, Mark Lowary
<melowary@b3law.com>, Sharon Bruner <sbruner@b3law.com>, Brian Gravdal <briangravdal@gmail.com>, Christy
MacMurtrie <cmacmurtrie@lynberg.com>, Jessica Helliwell <jessica@helliwelllawfirm.com>, Lucia Coyoca
<lec@msk.com>

So I will assume based on the fact that no one has responded, that the defendants are refusing to enter into a
stipulation regarding Trevor Basil's employment records so that we can avoid discovery motions on this issue?

Griffin

[Quoted text hidden]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT 3

27
28

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH
AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

September 25, 2020

SENT BY EMAIL

Leo Luevanos, Esq.
Beach, Cowdrey & Owen
500 E. Esplanande Dr., Ste 1400
Oxnard, CA 93036
Email: leo@beachcowdrey.com


      Re:    Griffin Burke v. Trevor Basil
              USDC Case No. 8:20-cv-00635-JVS (JDEx)
              MEET AND CONFER


Mr. Luevanos:

Please accept this letter as my attempt to meet and confer on the discovery responses.

Requests for Admission

(1)     In response to Request for Admission Number 3, your client objects and claims an employee right to privacy. The request does not identify any specific individual by name, only that "two of your coaches were forced to resign because of their inappropriate fraternization with minor-aged students." I don't see how the right to privacy would apply in this instance?

(2)     Request for Admission Number 4, requests that your client admit or deny that, prior to November 14, 2014, "it had no written policies and procedures concerning fraternization with minor-aged swimmers." The term "fraternization" is defined in the requests. I see where it reads "interaction and relationship between school staff members and students." Let's agree for purpose of the meet and confer that that should read "interaction and relationship between coaches and minor-aged club members." Please respond accordingly. As you are aware, a party shouldn't avoid a response based on a technicality. *See Marchand v. Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938.

(3)     In response to Requests for Admission Number 8, your client denies that it failed to investigate the complaint supposedly made by Cassidy Bucklin, and further provides: "Responding party investigated the complaint made by Cassidy Bucklin. The investigation was conducted by the swim coaches for responding party." The response is vague and purposely evasive. A denial of all or any portion of the request must be specific. [FRCP 36(a)(4)] For example, on what date was the complaint investigated, what are the names of the "swim coaches" that conducted

the investigation, who was interviewed, did you contact the parents since we were all minors, and are there any documents supporting the investigation, such as a witness statement, email about the investigation or incident report? It is not enough to simply deny the request and state generally that some unidentified swim coaches investigated.

(4)     Request for Admission Number 9, asks your client again to admit or deny that it conducted an investigation, and again, your client denies the request and provides the vague response that it had "its agents interview Ms. Bucklin regarding the complaint she presented." Please provide the name of the agent, the date the interview occurred, was there anyone else present, did you contact her parents since she was a minor, and are there any documents supporting this supposed interview, including any conclusion drawn from the investigation. I hope you remember that Ms. Bucklin provided a declaration in this case and attests that she was never contacted by anyone from the club, and never asked that your client terminate my membership. In fact, she was interviewed by the high school and claims she never made a report of sexual harassment, and never felt unsafe around me.

(5)     Request for Admission Number 10 explicitly asks whether "Cassidy Bucklin <u>told you</u> that she felt sexually harassed" by me. It does not ask for your client's interpretation of what the text message Trevor Basil claims he received said. It specifically asks if she said the words "sexually harassed." Your client in the previous requests for admissions already stated they had their "swim coaches" and "agents" interview her, so the response should be whether <u>she</u> stated to them that she was sexually harassed. Furthermore, when did she say this and to whom. [FRCP 36(a)(4)]

(6)     Request for Admission Number 11 seeks and admission or denial as to whether your client interviewed *anyone* before terminating my membership for sexual abuse (Article 304.3.8.A-D USA Swimming Code of Conduct). Your client denies this, and responds that it "had its agents interview persons who made complaints regarding" my conduct. Who are the agents, who did they interview, when did the interviews take place, what was said, and are there any documents supporting this denial, such as a witness statement, email about the investigation or incident report?

(7)     Request for Admission Number 13, seeks and admission that your client violated its own written disciplinary code in terminating my membership. Your client denies this, and writes: "Responding party decided to terminate plaintiff's membership due to the seriousness of the allegations, and the threat to the safety and security of other team members." If would seem that if your client did not follow its disciplinary procedures, for whatever reason, then it violated it? Secondly, is there a provision in the disciplinary code that allows the board to terminate a membership without notice or a hearing as provided under the disciplinary code?

Finally, please have your client provide specific facts as required under FRCP 36(a)(4). What were these serious allegations that threatened the safety and security of other team members? Who made them? When were these serious allegations made? And, were they confirmed with anyone?

(8)     Request for Admission Number 15 seeks an admission that you falsely accused me of peer-to-peer sexual abuse. Your client's response that it can't admit or deny this request is improper. The facts supporting the refusal to respond are also improper. Your client did in fact make the allegation against me in the email terminating my membership from the club. Also, the statement that your client "believes the complaints against plaintiff have been sufficiently substantiated" is vague and purposely evasive. What specific complaints is your client referring to, when were they made, and by whom. If they were sufficiently substantiated, when were the complaints investigated, who was interviewed, and who did the investigation or substantiate the complaints?

(9)     Your client denies the statement in Request for Admission Number 16 that Sean Boulton authorized your client to send out the termination letter, but does not provide any facts supporting the denial.

(10)    Request for Admission Number 19 asks whether the group chat messages and images Trevor basil was sending to me and other minor aged swimmers was sexually inappropriate behavior. Your client claims it can't admit or deny this request without stating why it can't. Please provide more detail. Your clients were provided copies of the group chat messages and images in the state court.

(11)    Finally, in response to Request for Admission Number 20, asking whether Trevor Basil was forced to resign after it was discovered he was sending inappropriate and sexual messages and images to minors, your client objects based on the right of privacy. Trevor Basil is a party to this case, and the information is directly relevant to the claims, including the cause of action for negligent supervision and training.

I will be filing a motion to compel these documents by October 5, 2020, unless I receive further responses. Please feel free to call me if you would like to discuss these issues in more detail.


Thank you

*Griffin Burke*

Griffin Burke

1
2
3
4
5
6
7
8
9
10
11
12        **EXHIBIT 4**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                                    6
28

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH
AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

BCJ

# BEACH • COWDREY • JENKINS, LLP

| SOUTHERN CALIFORNIA OFFICE | ATTORNEYS AT LAW | Telephone: (805) 388-3100 |
|---|---|---|
| 500 E. Esplanade Drive, Suite 1400 | | Facsimile: (805) 388-3414 |
| Oxnard, California 93036 | | www.beachcowdrey.com |

October 2, 2020

**VIA E-MAIL**

Griffin Burke
1024 Bayside Drive, Suite 448
Newport Beach, CA 92660

> Re:   *Griffin Burke v. Basil, et al.*
> *Orange County Superior Court No. 30-2018-00977345-CU-NP-CJC*
> *United States District Court No. 8:20-cv-00635-JVS (JDEx)*

Dear Mr. Burke:

This letter shall serve as a response to your meet and confer letter of September 25, 2020, regarding Newport Beach Aquatics, Inc.'s responses to requests for admissions set one served in the U.S. District Court for the Central District of California. The issues you presented will be addressed in the order presented in your letter.

Concerning request 3, the request calls for information that is protected by an employee's right to privacy. By providing a response to the request to admit that two coaches were forced to resign due to inappropriate fraternization with minor-aged students, defendant necessarily would reveal protected employee information. The number of coaches prior to November 14, 2014, is not so large as to prevent identification of the coaches. Additionally, the request is vague and ambiguous as to the term fraternization, calls for a legal conclusion, harassing, and does not seek information reasonably calculated to lead to the discovery of admissible evidence in this case.

Concerning request 4, we appreciate that you understand that the request as phrased is vague and ambiguous. Your proposal regarding a definition of fraternization is equally vague and ambiguous. The definition that fraternization means interaction and relationship between coaches and minor-aged club members remains vague, ambiguous, and overly broad.

Concerning request 8, we disagree with your assertion that the response was not sufficient. The request was denied and a factual explanation for the denial was made. The response provides you with sufficient information to conduct further discovery through vehicles other than a request for admission.

Concerning request 9, defendant refers to its response with regard to request 8. The fact that you refer to an exhibit also seems to indicate that you have previously received whatever additional information you may be seeking. That the response was sufficient

Griffin Burke
Re: *Griffin Burke v. Basil, et al.*
October 2, 2020
Page 2


Concerning request 10, the response sufficiently answers the request as phrased based on the reasoning provided for defendant's responses to requests 8 and 9.

Concerning request 11, the response sufficiently answers the request as phrased based on the reasoning provided for defendant's responses to requests 8 and 9.

Concerning request 13, the response sufficiently answers the request as phrased. It seems that you are seeking information that would be obtained through other sources of discovery than requests for admissions.

Concerning request 15, the response provided was sufficient because defendant cannot admit or deny the request as phrased. The request is vague and ambiguous as to the time period regarding the accusation. As the response states, defendant received complaints and was not the originator of any accusations regarding plaintiff.

Concerning request 16, the request as phrased does not call for the provision of any additional facts. The request is a simple yes or no question. If Mr. Boulton did not authorize the sending of the reference letter, there is no need to provide additional facts.

Concerning request 19, defendant objected on the basis that the request calls for a legal conclusion, speculation, and a determination of ultimate fact. Based on the phrasing, defendant cannot provide a further response and reasserts its objections.

Concerning request 20, responding refers to its objection that the request calls for information protected by an employee's rights to privacy. As we have previously informed you, Mr. Basil through counsel has objected to release of privileged information and we must abide by that objection.

Should you have any questions, please feel free to contact me.

Very truly yours,

BEACH ♦ COWDREY ♦ JENKINS, LLP

Eligio J. Luevanos

/ll

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 5**

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

October 13, 2020

SENT BY EMAIL

Leo Luevanos, Esq.
Beach, Cowdrey & Owen
500 E. Esplanande Dr., Ste 1400
Oxnard, CA 93036
Email: leo@beachcowdrey.com

      Re:    Griffin Burke v. Trevor Basil
             USDC Case No. 8:20-cv-00635-JVS (JDEx)
             MEET AND CONFER TELEPHONE CONFERENCE OUTLINE

Mr. Luevanos:

Thank you for agreeing to have a telephone conference tomorrow at 2:00 p.m. to discuss the discovery issues. Below is an outline of the issues:

**Demand For Production of Documents**.

1. <u>The manner in which the documents have been produced</u>.

   a. The documents must be produced in either the manner "as they are kept in the usual course of business"; or organized and labeled "to correspond to the categories of the request." FRCP 34(b)(2)(E); *SEC v. Collings & Aikman Corp*. (SD NY 2009) 256 FRD 403, 409-410. The compliance log will cause problems for me at trial to present the request to the jury, then show the compliance log, and then go through the documents to try to find the responsive documents.

   b. The documents should be separated so that each email, and its corresponding attachment, are a separate and complete documents. It seems like your client haphazardously produced the documents to cause confusion, and there are parts of emails attached to other emails, or missing emails. Also, the attachments to the emails were not produced.

2. <u>The redaction of the documents</u>.

   a. I served a demand for production of documents pursuant to the Federal Rules of Civil Procedure (FRCP). You are required to respond as provided in these rules. Your client redacted many of the documents, making it impossible to even know if there is any privilege. See Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co. (D ND 2010) 270 FRD 456, 458. I can't imagine there is any privilege to the identity of the sender of the email, recipient, date and/or subject line. Also, these documents were not identified in the privilege log.

    b. There are no state court orders allowing you to redact his information as you contend. If you believe there are such orders, provide them so I can include it in the joint statement. I want to avoid your office making an argument made in the opposition without any support.

3. <u>The privilege log</u>.

    a. The privilege log does not comply with FRCP. There is no indication of the position of each author and/or recipient, nor description of the general nature of the document. *See United States v. Construction Products Research, Inc.* (2nd Cir. 1996) 73 F3d 464, 473

    b. Your client has not supplemented the privilege log regarding responses 5-7, 13-15, 16-17, 19-23.

    c. Your client is standing on its objection to producing documents in response to requests number 16, 19-21 and 23, but has refused to list these documents in the privilege log. I have no way of knowing what these documents are, of if any privilege actually applies. For example, you claim Trevor Basil has asserted an privilege (employee right to privacy) but I don't know if these documents include something a certificate for completing a coaching class? I did send a joint protective order I downloaded from Judge John D. Early's site, but none of the defendants have responded to my request that we sign this to avoid law and motion on the issue.

4. <u>The supplemental responses.</u>

    a. Your client represented supplemental responses would be provided to requests numbers 4 and 8. I still have not received these or any supplemental documents.

5. <u>The responses your client is refusing to supplement</u>.

    a. Your client is refusing to supplement request numbers 8, 16, 19-21 and 23.

**Requests for Admission**.

Your client is refusing to supplement its responses to Request for Admission Numbers 3-4, 8-11, 13, 15-16, 19-20. I am not sure what more I can add to my meet and confer letter sent on September 24, 2020, however, we can go through these to see if there is anything that can be done.

Thank you

Griffin Burke

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 6

NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH
AQUATICS, INC. TO PROVIDE FURTHER RESPONSES TO THE REQUESTS FOR ADMISSIONS
8:20-cv-00635-JVS (JDEx)

October 14, 2020

SENT BY EMAIL

Leo Luevanos, Esq.
Beach, Cowdrey & Owen
500 E. Esplanande Dr., Ste 1400
Oxnard, CA 93036
Email: leo@beachcowdrey.com

      Re:    Griffin Burke v. Trevor Basil
              USDC Case No. 8:20-cv-00635-JVS (JDEx)
              MEET AND CONFER TELEPHONE CONFERENCE OUTLINE

Mr. Luevanos:

Thank you discussing the discovery issues with me today. I apologize my cell phone reception wasn't great. To confirm our conversation:

1. You are going to speak with your clients about having them produce the documents in a clear way, with each email being a separate document with its corresponding attachments. We are going to have another telephone conversation on October 21st regarding the status of the production. You will then redo the redactions, leaving in the name of the sender, recipient and date. At that time you will also supplement the privilege log.

2. Trevor Basil's attorney, Brian Gravdal, has informed your office it is objecting to the production of any employee records, however, they have not filed a motion for protective order and refuse to enter into the sample protective order I sent over.

3. I still haven't received the supplemental responses to the demand for production numbers 4 and 8.

4. Your client is standing on its objection to producing documents in response to requests number 16, 19-21 and 23.

5. Your client is also standing on all of its objections to the requests for admissions (3-4, 8-11, 13, 15-16, 19-20) and will not be providing supplemental responses. We agreed that all of the issues have been thoroughly discussed in the meet and confer letters and couldn't add anything in the telephone conference.

Please let me know if there is anything I'm missing, or I have misstated our conversation in anyway.

Thank you

Griffin Burke

1024 Bayside Drive #448, Newport Beach, CA 92660            1
Email: gburke8972@gmail.com

**PROOF OF SERVICE**

I am over the age of eighteen (18) and am not a party to the within action. My address is 1024 Bayside Drive, #448, Newport Beach, CA 92660; tel. (949) 329-5222.

1.  I served a copy of the following documents:

   a.  NOTICE OF MOTION AND MOTION TO COMPEL DEFENDANT NEWPORT BEACH AQUATICS, INC TO PROVIDE FURTHE RESPONSES TO REQUESTS FOR ADMISSIONS, SET ONE.

2.  The Documents were served on:

   a.  Leo Luevanos, Beach Law Group, 500 E. Esplanande Dr., Ste 1400, Oxnard, CA 93036. LLeuvanos@beachlawgroup.com
   b.  Griffin Burke, 1024 Bayside Drive #448, Newport Beach, CA 92660. Gburke8972@gmail.com
   c.  Gregory Burke, 1024 Bayside Drive #448, Newport Beach, CA 92660. gregburke.email@gmail.com
   d.  Mark E. Lowry, Berman Berman & Berman, 701 Palomar Airport Rd., Ste. 300, Carlsbad, CA 92011. <melowary@b3law.com>
   e.  Courtney Hylton, Lynberg & Watkins, 1100 Town & Country Road #1450, Orange, CA 92868. chylton@lynberg.com
   f.  Jessica M. Helliwell, Helliwell Law Firm, 27758 Santa Margarita Pkwy #509, Mission Viejo, CA 92691 Jessica@helliwelllawfirm.com
   g.  Lucia Coyoca, Mitchel Silberg, 11377 W Olympic Blvd., Los Angeles, CA 90064. lec@msk.com

3.  The Documents were served as follows: The service was made on the email address listed with the court: LLeuvanos@beachlawgroup.com, chylton@lynberg.com, <briangravdal@gmail.com> gburke8972@gmail.com, Jessica@helliwelllawfirm.com, lec@msk.com

   Electronic service was confirmed.

4.  BY E-SERVE: The above listed document(s) were electronically served via the USDC Central District's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above documents.

   I declare under penalty of perjury of the laws of the United States that the above is true and correct.    Signed  OCTOBER 31, 2020, in  Orange County, California.

   TINA BURKE

1