UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00635-JVS-JDEx | Date | Sept. 13, 2021 |
| Title | Griffin Burke v. Trevor Basil, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Bifurcate and Remand**

Plaintiff Gregory Burke ("Gregory") moved to remand of his complaint. Dkt. No. 247. Griffin Burke ("Griffin") joined in the motion.[1] Dkt. No. 262. Defendants Newport-Mesa Unified School District (the "District") and Newport Beach Aquatics ("Aquatics") opposed the motion. Dkt. Nos. 259 and 260. Gregory then filed his replies. Dkt. Nos. 265 and 266.

The Court held a hearing on this matter on September 13, 2021. The Court addresses certain issues raised by the parties below.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

Gregory filed his original complaint on October 20, 2016, in state court, alleging a single cause of action for intentional infliction of emotional distress. Griffin filed his complaint on March 5, 2018, also in state court, and the two cases were then consolidated. Dkt. No. 1-12.

Griffin then amended his complaint, adding claims under Title IX and Section 1983 against the District on August 8, 2019, and Gregory served doe amendments on District defendants on February 28, 2019. Dkt. No. 1-33. The District defendants filed an anti-SLAPP motion in state court, which was granted, and Gregory quickly appealed.

---

[1] To avoid confusion, the Court refers to the plaintiffs by their first names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:20-cv-00635-JVS-JDEx          Date  Sept. 13, 2021

Title  Griffin Burke v. Trevor Basil, et al

See Burke v. Newport Beach Aquatics, Case No. G058854. Griffin again amended his complaint on February 11, 2020, while Gregory's case was pending appeal, after which the District removed the action to this Court. Dkt. No. 1. Gregory states that he was not served with the notice of removal. Dkt. No. 247 at 7. He adds that he was not served with the scheduling order, was not a party to the meet and confer, and had no role in setting the dates for trial. Id. at 8.

While Gregory's claim was pending before the California Court of Appeal, this Court granted the District defendants' motion to dismiss certain claims in Griffin's complaint. Dkt. No. 64. Then, on January 25, 2021, remittitur was issued in Gregory's state case, reversing the decision granting the District's anti-SLAPP motion.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 42(b)[2], the district court may order separate trials of one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."

The court has broad discretion in deciding whether to bifurcate a trial. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir.2002). Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 16:160.4 (2010); Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir.1982). The party requesting bifurcation has the burden to prove that it is warranted in that particular case. Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 102 (N.D.Cal.1992).

---

[2]Gregory did not state the basis for his request for bifurcation. The Court finds that Rule 42(b) is the most appropriate standard under which to analyze his motion. "[A] district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.' [Citation.] In other words, one claim must be capable of resolution despite the outcome of the other claim. [Citation.] By contrast, bifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other. [Citation.]" Gaffney v. Riverboat Services of Indiana, Inc., 451 F.3d 424, 442 (7th Cir.2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00635-JVS-JDEx | Date | Sept. 13, 2021 |
| Title | Griffin Burke v. Trevor Basil, et al | | |

### III. DISCUSSION

Gregory argues that bifurcation and remand is appropriate. First, he asserts no federal claims, and there were no federal claims in his complaint at the time of removal. Dkt. No. 247 at 10. Second, these proceedings would not be prejudiced by any possible delay, given that no trial date is yet scheduled. Id. Third, he argues that because the issues in his and his son's complaints are separate and distinct, he would be prejudiced by continuing in a consolidated fashion, especially because he "has not had a fair and adequate opportunity to participate" in the proceedings after removal. Id. at 10-11. In support of his motion for remand, he notes that courts also have an inherent power to remand cases when the federal claims drop from the case. Id. at 11-12 (citing Carnegie Mellon Univ. v. Cohill, 484 U.S. 343 (1988)).

In response, Aquatics argues that the motion for bifurcation should be denied "because it does not contain any arguments, nor any legal authorities, to support [his] request. . .." Dkt. No. 260 at 4. While Gregory does provide some legal authority for his request for remand, there is notably no similar authority for his motion for bifurcation. Id. Indeed, doing so would contradict what Gregory noted when he agreed to consolidation, i.e., that "the cases involve similar complaints and common questions of law or fact . ..." Id., Ex. C. The District notes that it does not oppose Gregory's request for bifurcation but that it does oppose his request for remand. Dkt. No. 259 at 8.

Gregory responds to the Aquatics and District's assertions in his reply. As to the District, which did not oppose bifurcation, Gregory notes that the District misrepresented a number of claims (including, for example, that he had ample opportunity to participate in the Rule 26 conference and that there was nothing preventing him from conducting discovery), and that it otherwise has not proffered any legal basis for this Court to retain all pendent state claims. Dkt. No. 266. As to Aquatics, which does oppose bifurcation, Gregory notes that removal of his claims was defective because "Defendants were required to bifurcate the cases before removal because [he] did not have any federal claims." Dkt. No 265 at 7. Gregory reasserts that he was not properly served and prevented him from participating in the instant proceedings. Id. at 7-8. Finally, he notes that bifurcation is appropriate given that his "claim against [Aquatics] is limited to the letter sent to him falsely accusing his son of sexual abuse to silence his complaints about the swim coach" and his son's "claims are based on Trevor Basil sexually abusing him when he was just 15-years-old." Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00635-JVS-JDEx | Date | Sept. 13, 2021 |
| Title | Griffin Burke v. Trevor Basil, et al | | |

The moving party carries the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." Spectra–Physics Lasers, 144 F.R.D. at 101. Gregory has not met that burden. First, the Court notes that the both he and his son stipulated to consolidation of their cases while in state court. Even after the California Court of Appeal issued remittitur, Gregory moved to amend his complaint and not to remand the action to state court (indeed, Gregory attempted to add federal claims to his complaint). Dkt. No. 125. Second, they did so on the basis that the claims arose out of the same set of transactions and occurrences and were based entirely on common questions of law and fact. The two complaints rest largely on the same set of factual occurrences, all of which revolve around Griffin's allegedly improper termination from Aquatics' swim team as well as Aquatics' investigation of the Griffin's allegedly improper behavior while on the swim team. Third, the Court believes that the Defendants in this action will be strongly prejudiced by having to respond to a simultaneously pending state court action that would ultimately require very similar discovery. Fourth, the Court notes that the action was not improperly removed.³ The two complaints were consolidated "for all purposes." Dkt. No. 260, Ex. C. Further, "[r]emoval is a process that generally affects an entire action." Mason v. Medio Pictures Partners, No. 218CV05620CASEX, 2018 WL 4092039, at *4 (C.D. Cal. Aug. 27, 2018). Therefore, the removal affected Gregory's complaint as well. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty., 415 U.S. 423, 435–36 (1974).

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Gregory's motion to bifurcate and dismisses as moot his motion for remand.

**IT IS SO ORDERED.**

---

³To the extent that a dispute exists over whether Gregory was served with a notice of removal as required prior to removal, the Court declines to bifurcate the proceedings on the basis of disputed testimony. Moreover, the Court notes that Gregory was included on the proof of service as the list of individuals to be served. See Dkt. No. 1-1 at 6. The Court further notes that the address for service was the same as his son's. Id. The District and the Named Defendants also referred to Gregory's complaint in their Notice of Pendency of Other Actions Pursuant to Local Rule 83-1.4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00635-JVS-JDEx | Date | Sept. 13, 2021 |
| Title | Griffin Burke v. Trevor Basil, et al | | |

　　　　　　　　　　　　　　　　　　　　　　　　　　　　: 　0

Initials of Preparer　　lmb